

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

DAVID HERSCOVICI
*Special Assistant Corporation Counsel*
E-mail: dherscov@law.nyc.gov
Phone: (212) 442-2362
Fax: (212) 788-0902

July 25, 2012

**VIA ECF**
Honorable Judge Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Camden Plaza East
Brooklyn, New York 11201

      Re:    <u>Jeffrey Brooks v. City of New York et al.</u>,
               12-CV-817 (ENV) (RER)

Your Honor:

     I am a Special Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, and represent defendants in the above-referenced matter. I am writing on behalf of the parties to inform the Court that the action has settled. In light of the settlement, the parties respectfully request that the Status Conference currently scheduled for August 7, 2012, at 2:00 p.m. be adjourned *sine dine*. The Stipulation of Settlement and Order of Dismissal is attached herein.

     Thank you for your consideration.

                                        Respectfully submitted,

                                        David Herscovici
                                        Special Assistant Corporation Counsel
                                        Special Federal Litigation Division

cc:    Honorable Judge Ramon E. Reyes (via ECF)
United States Magistrate Judge
Eastern District of New York
225 Camden Plaza East
Brooklyn, New York 11201

Gabriel Harvis, Esq. (via ECF)
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

JEFFREY BROOKS,

                                    Plaintiff,

            -against-

CITY OF NEW YORK; POLICE SERGEANT
"JOHN" CUI, POLICE OFFICER "JOHN" CRUZ;
and JOHN and JANE DOES 1 through 10,
individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                  Defendants.
----------------------------------------------------------------------x

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

12-CV-817 (ENV) (RER)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about February 17, 2012, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants Sergeant Edilio Cruz, Sergeant Benjamin Cui and Officer Jiyong Sim have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiff has authorized his counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff Jeffrey Brooks the sum of Three Thousand ($3,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of

the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.   This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        June 29, 2012

Harvis Marinelli Saleem & Wright LLP
*Attorneys for Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 323-6880

By: _____  7/19/12
    Gabriel P. Harvis
    *Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants Cruz, Cui and Sim*
100 Church Street, Rm. 3-166c
New York, New York 10007

By: _____
    David Herscovici
    *Assistant Corporation Counsel*

SO ORDERED:

Dated: New York, New York
       _____, 2012

_____
HON. ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE

4